Espada, Peticionaria, *v.* Sepúlveda, Juez de Distrito, Demandado.

Solicitud para que se expida mandamiento de *certiorari* al Juez de la Corte de Distrito de Ponce en una acción sobre reconocimiento de hijos naturales.

No. 113.—Resuelto en febrero 25, 1914.

Intervención—Ordenes Inapelables—Certiorari.—Es inapelable una orden permitiendo a una parte intervenir en una acción, pero dicha orden puede ser revisada en la apelación contra la sentencia definitiva sin necesidad de acudir a un recurso de *certiorari*.

Id.—Jurisdicción de la Corte.—Una corte con jurisdicción para conocer de un pleito, la tiene también para dictar una orden permitiendo a una parte intervenir en una acción.

Certiorari—Intervención en una Acción—Perjuicio Real.—La orden de la corte inferior permitiendo la intervención de una parte en una acción sobre filiación, no causa perjuicio alguno real y efectivo a la peticionaria, ni trae como consecuencia un completo o parcial fracaso de la justicia.

Los hechos están expresados en la opinión.

Abogado de la peticionaria: *Sr. F. Cervoni Gely.*

El demandado no compareció.

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

Se trata de recurso de *certiorari* promovido ante esta Corte Suprema en 27 de enero próximo pasado contra el Juez de la Corte de Distrito de Ponce, Honorable Domingo Sepúlveda, por Estefanía Espada en concepto de madre con patria potestad sobre su hija menor de edad Mercedes Espada, con el fin de revisar una orden que dictó aquel juez en 12 de enero citado, permitiendo a José Ruperto Larrauri intervenir como demandado en el pleito sobre filiación iniciado por la Estefanía Espada a nombre de su referida hija contra John Doe y Richard Roe, herederos desconocidos de Julián Benito Rivera.

Fué expedido el auto de *certiorari* y tenemos a la vista el pleito original de que se deja hecho mérito, elevado a esta

Corte Suprema a virtud de otro auto de *certiorari* anteriormente solicitado por la misma Estefanía Espada en concepto de madre de la Mercedes.

Funda José Ruperto Larrauri su derecho de intervención en que como legatario de Julián Benito Rivera en el testamente otorgado por éste, tiene interés en el pleito sobre filiación, e invoca en su defensa el artículo 63 del Código de Enjuiciamiento Civil, habiendo accedido la Corte de Ponce a su pretensión por la resolución ya citada.

Alega la peticionaria en apoyo de su recurso que José Ruperto Larrauri no es parte interesada en el pleito sobre filiación y que la resolución de la Corte de Distrito de Ponce accediendo a la intervención es inapelable, que carece de un remedio en el curso ordinario de la ley para impedir que se realice tal intervención, perjudicial a la acción de la menor Mercedes Espada, y que fué concedida además en exceso de jurisdicción de la corte inferior.

Ciertamente que contra la resolución de 12 de enero último no cabe ejercitar recurso de apelación, por no estar comprendida entre las resoluciones apelables que enumera el artículo 295 del Código de Enjuiciamiento Civil, pero como ella entraña una providencia o decisión dada sobre una moción controvertida, debe considerarse excepcionada por ministerio de la ley y sujeta por tanto a revisión al ser revisada en grado de apelación la sentencia definitiva que recaiga en el caso, siempre que forme parte de los autos y legajos del pleito, según el artículo 213 del código citado. He ahí un remedio que asiste a la peticionaria en el curso ordinario de la ley, para obtener reparación del agravio que cree habérsele inferido. Ni hubo exceso de jurisdicción por parte de la Corte de Ponce al proceder como procedió, pues teniendo jurisdicción para conocer del pleito, la tiene también para conocer de todas sus incidencias, aunque en el ejercicio de su jurisdicción pueda proceder con error, lo que ahora no nos toca discutir.

Al resolver en 7 de noviembre del año próximo pasado

el caso de *Argüelles* v. *Rossy, Juez de Distrito,* sobre *certiorari,* dijimos que aunque el recurso de *certiorari* es de carácter extraordinario y por lo común no procede en los casos en que la ley otorgue para reparar el agravio otro recurso ordinario, si ese recurso ordinario, por la lentitud del procedimiento que lo regula, pudiere dar por resultado un completo o parcial fracaso de la justicia, entonces puede ser viable el recurso extraordinario de *certiorari,* bien entendido que como no es recurso de procedencia obligatoria (*writ of right*), puede siempre concederse o denegarse a discreción del tribunal que reciba la solicitud.

En el presente caso la orden de la Corte de Distrito de Ponce dando intervención en el pleito sobre filiación a José Ruperto Larrauri, en el supuesto de que fuera errónea, no causa perjuicio alguno real y efectivo a la peticionaria y no trae como consecuencia un completo o parcial fracaso de la justicia. De todos modos el perjuicio, de existir, sería reparable mediante el recurso ordinario de apelación que en su día pueda entablar la peticionaria contra la sentencia definitiva que recaiga en el pleito, en el caso de que ésta le fuere adversa.

Es aplicable al presente caso la doctrina que dejamos establecida al resolver en este día otro recurso de *certiorari,* número 111, de Estefanía Espada contra el mismo Juez de la Corte de Distrito de Ponce, Hon. Domingo Sepúlveda, y ratificamos dicha doctrina.

Procede por tanto anular el auto de *certiorari* expedido, comunicándose al Juez de la Corte de Distrito de Ponce para que continúe el juicio de acuerdo con la ley, como si dicho auto no hubiera sido expedido.

*Anulado el mandamiento de* certiorari *expedido.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro y Aldrey.