GREGORIO MUÑOZ, ET ALS., demandantes y apelantes, *v.* VICENTE MONTAÑEZ, demandado y apelado.

No. 4186.—*Visto:* Junio 9, 1927. *Resuelto:* Julio 26, 1927.

1. APELACIÓN Y ERROR—"SUPERSEDEAS" O SUSPENSIÓN DE LOS PROCEDIMIENTOS— DE LA SUSPENSIÓN DE LOS PROCEDIMIENTOS Y EFECTOS EN GENERAL—PROCE- DIMIENTO DE "INJUNCTION"—APELACIÓN CONTRA SENTENCIA QUE DECLARA CON LUGAR EL "INJUNCTION".—Declarado con lugar un *injunction* para retener una propiedad y requerido el demandado para que se abstenga de cometer ciertos actos y para dejar al demandante en la posesión tranquila de

la parcela, apercibido de desacato, la negativa de la corte a castigar por desacato fundada en que la sentencia no era ejecutable hasta pasados treinta días de dictada, y por haber sido apelada, no es errónea.

2. APELACIÓN Y ERROR—REQUISITOS Y PROCEDIMIENTOS PARA ELEVAR LA CAUSA— PAGO DE DERECHOS Y COSTAS, Y FIANZAS U OTRAS GARANTÍAS *(Securities)*— NECESIDAD DE FIANZA O DEPÓSITO PARA QUE LA APELACIÓN SE ENTIENDA DEBIDAMENTE INTERPUESTA.—No obstante el texto inglés del artículo 298 de nuestro Código de Enjuiciamiento Civil, la fianza o el depósito que prescribe no son requisitos necesarios para que una apelación se entienda debidamente interpuesta y surta los efectos que fija el artículo 297 del propio Código.

RESOLUCIÓN de *D. Sepúlveda, J.* (San Juan), declarando sin lugar moción de los demandantes interesando el castigo, por desacato, del demandado. *Confirmada.*

*José G. Tórres,* abogado de los apelantes; *J. Texidor, D. Pellón* y *Antonio Ayuso,* abogados del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

La apelación en este caso se interpuso contra la resolución de la Corte de Distrito de San Juan de 17 de enero último, por virtud de la cual dicha corte se negó a castigar por desacato al demandado.

Consta de los autos que el 27 de diciembre de 1926 la corte de distrito dictó sentencia declarando con lugar la demanda de *injunction* para retener la propiedad de una parcela de veinte y cinco cuerdas presentada por los demandantes y en su consecuencia ordenando que se expidiera un auto requiriendo al demandado para que se abstuviera de cometer los actos que venía realizando u otros análogos y dejara a los demandantes en la posesión tranquila de la parcela, apercibido de desacato.

Luego aparece una moción de los demandantes fechada el 10 de enero en la cual se consigna que la sentencia indicada fué notificada al demandado el 30 de diciembre de 1926 y que "no obstante el requerimiento hecho, el demandado no ha quitado la cerca que puso en los terrenos referidos ni ha dejado de trabajar en cultivos de los mismos por medio de sus empleados Jesús María Santos y Natalio Nevares."

Se expresa además en la indicada moción "que aunque

la sentencia ha sido apelada, éste es un caso de *injunction* en que la orden de la corte debe cumplirse sin perjuicio de cualquier recurso que crea conveniente el demandado.'' Termina pidiendo que se castigue por desacato al demandado.

Seguidamente aparece la resolución apelada. Por ella el juez se niega a actuar en la forma que se le pide porque según él la sentencia no podía ejecutarse sino a los treinta días de dictada y a mayor abundamiento porque tampoco podía ejecutarse por haber sido apelada.

[1] La parte apelante sostiene que la resolución de 17 de enero es enteramente errónea. La tendencia de su razonamiento es a presentar este caso como uno de naturaleza especial que exige la inmediata ejecución de la sentencia.

No se sabe por la transcripción lo que ocurriera con anterioridad al pronunciamiento de la sentencia, en lo que se refiere a medidas provisionales. Sabido es que nuestro sistema jurídico está lleno de remedios para hacer valer los derechos provisionalmente, mediante fianza y aún sin ella en ciertos casos. Quizá sea conveniente citar aquí la decisión de esta Corte en *Sucesión Rivera* v. *González,* 33 D.P.R. 1014.

El procedimiento seguido se ajustó al parecer a la ley especial para recobrar la posesión de bienes inmuebles que autoriza la Ley No. 43 de 1913 (p. 85), enmendada por la Ley No. 11 de 1917 (1917, tomo 2, p. 221). Nada dispone dicha ley con respecto a que la sentencia que se dicte deba ejecutarse inmediatamente. Tampoco habla de medidas especiales. Lo único que fija es un procedimiento rápido. Nada dice tampoco con respecto al derecho de apelar, pero aplicando las disposiciones generales del Código de Enjuiciamiento Civil a las que expresamente se refiere en cuanto a la forma en que debe redactarse la demanda, es necesario reconocer que el derecho existe y que se regula por los preceptos de dicho Código.

Siendo ello así el caso debe regirse por la ley general sobre ejecución de sentencias y apelaciones.

La sección 3 de la Ley relativa a las sentencias y manera

de satisfacerlas de 1905, que es la de 5297 de la compilación de 1911, dice:

"Cuando el asunto se origine en una corte de distrito, si no se apelare del fallo definitivo dentro de los 30 días siguientes a aquel en que se dicte la sentencia, el secretario expedirá la orden de ejecución en cualquier tiempo después de transcurrido dicho plazo si así lo solicitase la persona a cuyo favor se haya dictado la sentencia.

"Del mismo modo se expedirá la orden de ejecución en los juzgados municipales si no se hubiera apelado la sentencia dentro de los diez días después de dictada."

El texto inglés es como sigue:

"After the expiration of thirty days from the rendering of a final judgment in the district court, if no appeal has been perfected, the Secretary shall issue execution upon such judgment at any time thereafter upon the application of the successful party.

"And execution may issue in the same manner upon a judgment of a municipal court at any time after ten days of the rendering of such judgment."

Nos parece que el pensamiento del Legislador es de tal modo claro que no admite otra interpretación que no sea la de que sólo cabe expedir mandamiento de ejecución dentro del término que él mismo fija.

Esa norma se siguió en este caso. De la misma moción de los apelantes se desprende que la sentencia había sido notificada—es el deber del secretario notificarla en cuanto se dicta—, pero no que se hubiera librado mandamiento de ejecución.

Lo único discutible es si el término debe ser de treinta o de diez días, ya que se trata de un procedimiento especial calificado como *injunction,* artículo 295, No. 3 del Código de Enjuiciamiento Civil, y ello no tiene importancia porque ni siquiera consta debidamente que el término de diez días hubiera vencido cuando la moción de los apelantes fué archivada.

Además, que la apelación interpuesta suspende todo procedimiento en la corte inferior con ciertas excepciones que

no comprenden este caso, está terminantemente dispuesto por la propia ley, así:

Art. 296—"Una apelación se interpone entregando al secretario de la corte en que fué dictada o registrada la sentencia o providencia apelada, un escrito manifestando que se apela de ella, o de determinada parte de la misma, y presentando idéntica manifestación a la parte contraria o a su abogado."

Art. 297—"Formalizada una apelación, producirá el efecto de suspender todo procedimiento en la corte inferior, respecto a la sentencia u orden apelada, o a las cuestiones comprendidas en ella, pero la corte inferior podrá proseguir el pleito en lo que respecta a cualquier extremo del mismo no comprendido en la apelación."

Art. 298—"La formalización de un recurso de apelación, suspende los procedimientos en la corte inferior en cuanto a la sentencia u orden apelada, salvo cuando dispusiere la venta de. cosas susceptibles de pérdida o deterioro, en cuyo caso la corte inferior podrá ordenar que se vendan dichas cosas, depositándose su importe hasta que dicte su sentencia la corte de apelación. Y salvo también, cuando la sentencia declare al demandado culpable de usurpación, intromisión o ilegal desempeñó de un cargo público, civil o militar en esta isla. Y salvo asimismo, cuando la orden conceda o rehuse conceder, un cambio de lugar para la celebración del juicio."

[2] Bastaría lo expuesto anteriormente para dejar resuelto el recurso declarándolo sin lugar, a no ser por una interesante discusión surgida en el seno de la corte en la cual se ha sostenido que para que se entienda perfeccionado el recurso y los procedimientos se suspendan a virtud de la apelación, es necesario que se preste la fianza que exige el artículo 298 del Código de Enjuiciamiento Civil, tal como aparece en el texto inglés, a saber:

"The perfecting of an appeal by giving the undertaking, or making the deposit mentioned in section—, stays proceedings in the court below upon the judgment or other appeal from, except where it directs the sale of perishable property; . . . ."

Hace diez y ocho años en el caso de *Amsterdam* v. *Puente*

*et al.*, 15 D.P.R. 152, este tribunal por medio del Juez Presidente, Hernández, entonces Juez Asociado, dijo:

"Los apelados han presentado moción a esta Corte Suprema para que se desestime el recurso de apelación interpuesto, por el fundamento de no haber prestado los apelantes fianza alguna, ni habérseles relevado mediante estipulación del deber de prestarla.

"El artículo 296 de nuestro Código de Enjuiciamiento Civil no exige en su texto español, ni en el inglés, la prestación de fianza para interponer un recurso de apelación; pero el artículo 298 en su texto inglés preceptúa que la formalización de una apelación por la fianza o depósito de que se hace mención en un artículo cuyo número no se expresa, suspenderá los procedimientos en la corte inferior en cuanto a la sentencia u orden apelada fuera del caso exceptuado.

"El texto español del artículo 298 no está conforme con el texto inglés.

"Dicho artículo 298 tal como aparece redactado en inglés no puede ser eficaz en derecho al efecto de exigir prestación de fianza o de depósito para formalizar una apelación, pues parte del supuesto de que tal formalidad ha sido exigida por otro artículo del mismo Código de Enjuiciamiento Civil, en el cual no encontramos precepto alguno relativo al particular.

"Aún más, el artículo 296 del Código de Enjuiciamiento Civil es reproducción del 3574 del Código de Idaho y si bien ese artículo 3574 establece que la apelación es ineficaz para cualquier fin a no ser que se preste una fianza o se haga un depósito dentro de cinco días, después de la notificación de la apelación, ese precepto no ha sido traído al artículo 296 del Código de Puerto Rico, y por tanto, fué intención de la Legislatura no hacerlo extensivo a esta Isla.

"El ya citado artículo 298 de nuestro Código de Enjuiciamiento Civil parece haber sido tomado del artículo 3583 del Código de Idaho, el cual alude al 3575 del mismo Código, que no ha venido al nuestro.

"Por las razones expuestas, somos de opinión que no obstante el texto inglés del artículo 298 del Código de Enjuiciamiento Civil de Puerto Rico, la fianza o el depósito no son requisitos necesarios para interponer una apelación, y por tanto, es de desestimarse la moción de los apelados con las costas a los mismos."

La anterior decisión marcó una norma que ha sido luego constante y uniformemente seguida y sometida ahora a un

nuevo análisis la mayoría de los jueces opina que debe subsistir porque se basa en una apreciación correcta de los hechos y en una clara interpretación de la ley.

*Debe confirmarse la resolución apelada.*

El Juez Asociado Señor Wolf disintió.