JUAN LÓPEZ, peticionario, *v.* LA CORTE DE DISTRITO DE SAN JUAN, HON. PABLO BERGA, JUEZ, demandado.

No. 685.—*Sometido:* Diciembre 18, 1929. *Resuelto:* Enero 31, 1930.

*Dubón & Ochoteco,* abogados del peticionario; *G. González Silva,* abogado de los demandados en el pleito principal.

EL JUEZ ASOCIADO SEÑOR WOLF, emitió la opinión del tribunal.

Este Tribunal libró un auto de *certiorari.* En un procedimiento de *habeas corpus,* la Corte de Distrito de San Juan concedió la custodia de una niña a su padre natural y se la quitó a la madre. Esta apeló. El padre, aquí peticionario, solicitó que se le permitiera tener a la niña bajo su cuidado mientras estuviese pendiente la apelación. La Corte de Distrito de San Juan se negó a entregar al peticionario la niña, en vista de la naturaleza civil del procedimiento, resolviendo que tal procedimiento civil se regía por el artículo 297 del Código de Enjuiciamiento Civil, y citando el caso de *Muñoz* v. *Montañez,* 37 D.P.R. 318. De su faz, el caso citado parece resolver que se suspende la ejecución en todo caso de naturaleza civil, pero ése no era un caso de *habeas corpus.* El artículo 297 dispone:

"Formalizada una apelación, producirá el efecto de suspender todo procedimiento en la corte inferior, respecto a la sentencia u orden apelada, o a las cuestiones comprendidas en ella, pero la corte inferior podrá proseguir el pleito en lo que respecta a cualquier extremo del mismo no comprendido en la apelación."

El artículo 50 del mismo código dispone:

"La palabra 'acción', tal como se emplea en este título, ha de

entenderse, siempre que sea necesario, en el sentido de aparejar un procedimiento especial de naturaleza civil."

Por tanto, la cuestión a resolver en este caso es si un procedimiento de *habeas corpus* en que se solicita la custodia de una niña está incluído en la palabra "acción" arriba definida.

Convenimos con el peticionario en que el auto de *habeas corpus,* ora sea para obtener la posesión o custodia de un niño, o para poner en libertad a una persona encarcelada, acusada de delito, es esencial e históricamente un procedimiento para obtener la libertad de la persona que está bajo custodia. Ordinariamente, o por lo general, la libertad de un niño está mejor garantida cuando se halla bajo el dominio de la persona que de acuerdo con la ley tiene derecho a la custodia. La misma idea de "libertad" está envuelta cuando el bienestar de un niño exige que sea puesto al cuidado de otra persona. Presuntivamente, la libertad de la niña en este caso queda mejor garantida poniéndola donde la corte inferior dijo que debía estar. No hallamos motivo alguno para distinguir el auto para obtener la posesión de un niño de cualquier otro auto de *habeas corpus.* El Capítulo sobre *Habeas Corpus* del Código de Enjuiciamiento Criminal no hace tal distinción.

Las apelaciones en procedimientos de *habeas corpus* están regidas por una ley aprobada en 1903. El Código de Enjuiciamiento Civil fué aprobado en 1904. Nada hallamos en esta ley general que demuestre la intención de derogar algo de lo contenido en la ley especial de 1903. Es un principio familiar que un estatuto especial no queda derogado a menos que no pueda permanecer junto a un estatuto general.

De conformidad con la ley de 1903, sólo ciertos casos específicos no son suspendidos. La sección 2 provee:

"Contra una orden definitiva excarcelando libremente a un preso o detenido bajo acusación criminal o mandando ponerle en libertad bajo fianza, podrá apelarse en nombre del Pueblo de Puerto Rico o

por el fiscal del distrito respectivo, o.por el Fiscal del Tribunal Supremo, o por el Fiscal General, o por el abogado defensor debidamente autorizado por el Fiscal General. El recurso así interpuesto contra una orden mandando poner en libertad a un preso bajo fianza o reduciendo ésta, no producirá el efecto suspensivo.''

Sin embargo, nada hallamos en todo el cuerpo de la ley que demuestre intención alguna de suspender la ejecución de una sentencia cuando se pone en libertad a una persona encarcelada o cuando se obtiene la custodia de un niño. La sección 2 solamente pone énfasis en ciertos casos.

Convenimos igualmente con el peticionario en que cuando se decreta la ''libertad'' o cambio de custodia, la justicia exige que la sentencia de la corte, que se presume correcta, sea puesta en ejecución.

El artículo 50 del Código de Enjuiciamiento Civil, como hemos visto, solamente incluiría un procedimiento especial dentro del significado de la palabra ''acción,'' ''siempre que sea necesario.'' Para los fines de un *supersedeas* no sólo no hallamos necesario incluir un procedimiento de *habeas corpus* dentro de las disposiciones del artículo 297 o dentro del campo de ''acción,'' sino que lo consideramos poco prudente e innecesario. Las reglas que gobiernan los procedimientos de *habeas corpus* han sido puestas en el Código de Enjuiciamiento Criminal, lo que es un indicio .de que la Legislatura no los consideró tan especialmente civiles para que cayeran siempre dentro de la palabra ''acción'' descrita en el artículo 50.

▇ Asumiendo que pudiera hacerse uso del recurso de apelación en este caso, no obstante, los hechos justifican el remedio más rápido de *certiorari*.

*La resolución de noviembre 27, 1929, negándose a trans- ferir la custodia debe ser anulada y dejarse a la corte inferior en libertad de dictar cualquiera otra resolución no incompatible con esta opinión.*