134

GENARO CAUTIÑO INSÚA, demandante y apelante, *v.* PIZÁ HERMANOS, S. EN C., demandada; y CATALINA CANALS RODÓN, ET ALS., interventores y apelados.

No. 5208.—*Sometido:* Junio 2, 1930. *Resuelto:* Junio 12, 1930.

*T. Bernardini de la Huerta,* abogado del apelante; *De la Torre & Ramírez* y *J. Martínez Dávila,* abogados de los interventores apelados.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

Ante la Corte de Distrito de San Juan demandó Genaro Cautiño Insúa a Pizá Hermanos, S. en C., en cobro de dinero. Pidió y obtuvo el demandante una medida aseguratoria de sentencia; por la que se procedió al embargo de dos fincas y otros bienes. Se anotó la rebeldía de la demandada, y se registró sentencia contra ella por $145,000.50, e intereses sobre $100,000 y costas. En 13 de mayo de 1929, la sucesión de Francisco Pizá y Mas, compuesta de su viuda Catalina Canals y sus hijos Sebastiana y Jaime, menores, solicitó de la corte la apertura de rebeldía y nulidad de la sentencia

registrada. Alegó la peticionaria ser acreedora de la demandada por doscientas sesenta y nueve mil ciento cincuenta y ocho pesetas y 85 céntimos, con intereses, garantizado todo ello con hipoteca sobre dos fincas, que dice son las mismas que aparecen en la demanda original en el caso; y alegó que Genaro Cautiño e Insúa siguió o sigue pleito con Pizá Hermanos, S. en C., ejercitando acción personal en cobro de dinero, $100,000 de capital y $45,002.50 de intereses, y $1,500 para costas; que el emplazamiento estuvo mal librado; que la peticionaria había pedido intervención en el pleito; que le fué negada; que Cautiño pretende cobrar, en perjuicio de la peticionaria, $45,002.50 de intereses, y parte del capital, que de acuerdo con el contrato, debe estar pagado con los semovientes que fueron dados en prenda y que la sentencia registrada es nula, por varios motivos que alega.

La corte oyó a las partes interesadas en la moción; y resolvió declarando con lugar la misma, anulando la sentencia registrada y admitir una demanda de intervención que se hallaba presentada. Contra esa resolución, de fecha 8 de junio de 1929, apeló en 18 de los mismos mes y año, Genaro Cautiño e Insúa, designando la resolución apelada como resolución o providencia especial dictada después de dicha sentencia definitiva.

La parte apelante tiene ya presentados el récord y su alegato en apelación. La transcripción de evidencia fué notificada a la representación de la sucesión de Francisco Pizá y Mas; y lo mismo el alegato de la apelante.

Ahora, Catalina Canals y la sucesión de Francisco Pizá y Mas, presentan moción para que se desestime la apelación, y alegan que el demandante-apelante, con posterioridad a su apelación, compró a Catalina Canals Rodón y a la sucesión de Francisco Pizá y Mas el crédito hipotecario con el que se relaciona su demanda de intervención según escritura ante el Notario Sr. Ramírez Santibáñez, de la que acompaña testimonio, y que aparece se otorgó en 22 de julio de 1929; que Catalina Canals y la sucesión de Francisco Pizá y Mas,

carecen de interés en la apelación, ya que han cedido el crédito a Genaro Cautiño; y que la apelación no tiene finalidad práctica, y es académica; y que la resolución de que se trata, no es apelable, según la doctrina de este tribunal en *Dávila* v. *Barreiro*, 20 D.P.R. 45, *Martín* v. *North British etc.*, 37 D.PR. 922, y *Espada* v. *Sepúlveda, Juez*, 20 D.P.R. 138. A esa moción se opone la parte apelante; y, entre otras razones, alega que tenía a su favor una sentencia registrada, y esa sentencia ha sido anulada; y que en la misma situación legal queda la medida aseguratoria de efectividad de sentencia, y el emplazamiento hecho a la demandada; que la moción para que se abriera la rebeldía no se fundó en ninguno de los motivos expresados en el artículo 140 del Código de Enjuiciamiento Civil; que la resolución dictada lesiona los intereses del apelante, que, eliminada la interventora, queda con una sentencia nula, por motivos tales que todo el procedimiento quedaría sin validez, por lo que no puede afirmarse que el recurso quede reducido a una cuestión académica; examina la jurisprudencia que en la moción se cita, y por su parte presenta el caso *Freiría y Co.* v. *Félix Hermanos & Co.*, 20 D.P.R. 159.

En realidad la situación de cada parte en este caso, es extraña. La que presenta la moción, no puede llamarse verdaderamente una parte en la apelación; los derechos en virtud de los que intervino en el pleito, fueron por ella enajenados a favor de Genaro Cautiño e Insúa, que era su parte contraria y por consecuencia de su enajenación ha dejado de tener interés en el litigio, en cualquier estado en que éste se encuentre. Es, sin embargo, un hecho positivo que el apelante Cautiño, ha notificado su alegato en apelación a los abogados de Catalina Canals y Sucesión de Francisco Pizá y Mas, lo que nos indica que, pese a la enajenación, tiene el apelante la duda de si esa sucesión y Catalina Canals son parte interesada. Nosotros no la tenemos; no lo son.

El apelante se halla en situación también extraña. Dueño de los derechos que pertenecieron a la sucesión de Pizá

Mas y Catalina Canals, es en este caso apelante y apelado sobre el mismo extremo. Este no obstante, el estado de derecho para él creado por la resolución de que apela, justifica, hasta cierto punto, su actuación. Posiblemente él había de encontrar algún otro medio legal para cambiar tal estado de derecho; pero esto no es de nuestra incumbencia. Sí lo es el declarar que, dada la situación expuesta, no quedamos convencidos de que la apelación sea académica, y en ese caso es preferible oírla, y resolver acerca de los asignados errores.

La decisión nuestra en el caso *I. Martín, S. en C.,* v. *North British & Mercantile,* 37 D.P.R. 922, no es aplicable aquí. En ese caso se trataba de una resolución recaída a moción de archivo por abandono; y si bien es cierto que se alegó que la resolución era una dictada después de sentencia definitiva, y la sentencia había sido anulada, la apelación en el caso presente es contra la resolución en que se anula la sentencia.

*Por lo expuesto debemos declarar y declaramos sin lugar la moción de desestimación.*

El Juez Asociado Señor Wolf está conforme con la sentencia.