ANTONIO RIVERA, demandante y apelante, *v.* FLOR RIVERA, demandado; PIEDAD SANTIAGO, Interventor y apelado.

Núm. 8138.—*Sometido:* Febrero 19, 1940. *Resuelto:* Marzo 5, 1940

*M. Guzmán Texidor,* abogado del apelante; *Ángel M. Torregrosa,* abogado del apelado.

EL JUEZ PRESIDENTE SEÑOR DEL TORO emitió la opinión del tribunal.

Se pide la desestimación del recurso interpuesto en este caso por ser inapelable la resolución recurrida.

De la moción y de la certificación acompañada a la misma resulta que Antonio Rivera demandó en la Corte de Distrito de Guayama a Flor Rivera en cobro de dinero. Para asegurar la efectividad de la sentencia que pudiera dictarse fueron embargadas veinte y dos cabezas de ganado como de la propiedad del demandado. Emplazado éste, no contestó. Se anotó su rebeldía y se dictó sentencia en contra suya el ocho de diciembre último.

Así las cosas, el cuatro de enero siguiente Piedad Santiago solicitó intervenir en el pleito, alegando ser dueño de parte del ganado embargado. La corte concedió la intervención por resolución de enero 20, 1940, contra la cual interpuso el demandante este recurso cuya desestimación pide ahora el interventor.

Sostiene que la orden recurrida no es apelable basándose en lo resuelto por esta Corte Suprema en el caso de *Espada* v. *Sepúlveda,* 20 D.P.R. 138.

En efecto en dicho caso se resolvió, copiando del resumen, que "Es inapelable una orden permitiendo a una parte intervenir en una acción", dándose como razón para ello en el curso de la opinión la de "no estar comprendida entre las resoluciones apelables que enumera el artículo 295 del Código de Enjuiciamiento Civil."

Sin embargo, años después, en *Berreteaga* v. *Pizá Hermanos,* 40 D.P.R. 496, un caso igual al que está sometido a nuestra consideración y resolución o sea uno en que la intervención fué concedida después de sentencia dictada en rebeldía a una persona que alegó tener interés en los bienes embargados para asegurar la efectividad de la misma, y en que el demandante apeló y el interventor solicitó la desestimación del recurso por no ser apelable la orden recurrida, esta propia corte resolvió que la orden permitiendo la intervención era apelable porque se trataba "de una providencia especial después de sentencia definitiva, que es apelable de acuerdo con el núm. 3 del artículo 295 del Código de Enjuiciamiento Civil, ya que permite después de terminado el pleito por sentencia una reclamación que requiere otra sentencia, y casi seguramente una oposición de otros litigantes, o por lo menos del demandante que obtuvo el embargo que es objeto de la intervención." En la opinión no se revoca si que se distingue el caso de *Espada* v. *Sepúlveda,* supra.

Esos son los únicos casos de esta corte que hemos podido encontrar que directamente traten la cuestión envuelta. Existe otro, el de *Fernández et al.* v. *Avellanet et al.,* 16 D.P.R. 63, en el que se apeló de una orden negando la intervención y esta corte, sin que se levantara cuestión alguna sobre si la orden era o no apelable, entró en los méritos y la revocó.

La jurisprudencia sobre el particular no es uniforme. La substancia, más bien el resultado de la misma, se da en 2 Am. Jur. 891, sec. 68, así:

"La jurisprudencia no es uniforme en cuanto a si es o no revisable una orden negando o concediendo permiso para intervenir. En algunas jurisdicciones una orden denegando el permiso no ha sido considerada como definitiva bajo los estatutos que autorizan las apelaciones de sentencias definitivas solamente. El conceder o denegar tal orden se considera también en algunos casos como una facultad discrecional y por tanto no revisable en ausencia de un abuso de tal discreción por la corte que esté conociendo del asunto. En otros casos, sin embargo, se ha establecido que tal orden es apelable.

"Sin embargo, si bien es verdad que hay autoridades que sostienen lo contrario, el mayor número de autoridades parece sostener el criterio de que una orden concediendo permiso para intervenir es apelable."

Una de las citas es la amplia nota al caso de *Walker* v. *Sanders,* 103 Minn. 124, en 123 A. S. R. 276, que en lo que respecta a apelación, pág. 313, es como sigue:

"Si una vez que se ha permitido una demanda de intervención y la misma ha sido radicada, se comete algún error en los subsiguientes procedimientos, el derecho a revisar la actuación de la corte inferior en apelación o por recurso de error, es sin lugar a dudas el mismo que en otros casos, y los procedimientos seguidos al ejercitar tal derecho no caen dentro de la esfera de esta nota. Si la solicitud de intervención es denegada, la orden denegatoria no pone fin al litigio o procedimiento, y en tal sentido no es definitiva, y se ha sostenido por lo tanto que tal orden no es apelable bajo un estatuto que autoriza las apelaciones de sentencias definitivas solamente. (Citas.) El acto de negar el permiso para radicar una demanda de intervención, o el acto de eliminar ésta, o de declarar con lugar una excepción previa contra tal demanda interpuesta, si bien no finaliza o termina el litigio en cuanto a las primitivas partes concierne, sí lo termina sin embargo en forma efectiva con respecto al interventor, y en cuanto a este último, tal resolución de la corte inferior equivale a una sentencia definitiva. Él puede por lo tanto comparecer y tramitar un recurso de error sin aguardar por ninguna subsiguiente decisión del litigio principal. (Citas.) En realidad, parece que él debe apelar de tal resolución o de lo con-

trario no podrá apelar en absoluto, ya que una vez que él haya sido excluído del caso por la orden de la corte desestimando su solicitud de intervención, él no es parte en el procedimiento principal y no puede apelar de una sentencia definitiva dictada con relación a aquéllos que en realidad son partes. (Citas.) Sin embargo, el conceder permiso para intervenir, o el desestimar una excepción previa interpuesta contra la demanda de intervención, o el acto de negarse la corte a eliminar tal demanda, no resuelve definitivamente a favor de nadie las cuestiones envueltas en una forma u otra, ya que la corte puede, en una etapa posterior de los procedimientos, resolver que la intervención no debió haber sido concedida o que la demanda de intervención era insuficiente y dictar sentencia en contra del interventor. Nuestra opinión es al efecto de que tal orden no es apelable (citas) si bien la mayoría de la jurisprudencia sobre esta cuestión que hemos examinado sostiene el criterio contrario (citas). Si se ha concedido el permiso y la demanda de intervención ha sido radicada, el interventor se convierte en parte interesada en el litigio, y como tal, facultado para apelar de cualquier resolución o sentencia dictada en tal litigio y perjudicial a sus intereses (citas) y con igual derecho a que se le considere como parte interesada a los efectos de cualquier apelación o recurso de error que pueda ser tramitado por sus adversarios, siempre que la sentencia favorable a estos últimos que pueda dictarse, resulte en detrimento de tal interventor. (Citas.) Puede ocurrir que una orden sobre una demanda de intervención resuelva en tal forma las cuestiones en sus méritos, que se convierta en apelable, si bien el litigio principal no haya sido finalmente resuelto. (Citas.) Generalmente, sin embargo, el caso no se desarrolla en esa forma, y no se puede tramitar ninguna apelación hasta que el litigio sea .finalmente resuelto tanto con respecto a la intervención como con respecto a las partes originales. (Citas.) Las cortes de Luisiana han decidido frecuentemente que si la suma reclamada por los demandantes es suficiente para dar jurisdicción a la Corte Suprema, los interventores pueden apelar aunque sus respectivas reclamaciones no alcancen la cuantía jurisdiccional. (Citas.)''

Y en 20 Cal. Jur. 528, sec. 31, se dice:

''En armonía con lo que se establece en otro artículo, una orden denegando una solicitud de intervención en un procedimiento, pone fin al litigio en cuanto al interventor se refiere, y tal orden puede ser apelada por él inmediatamente, libremente y sin ser obstaculizado por los ulteriores procedimientos en el litigio en cuestión.''

A nuestro juicio la cuestión debe resolverse habiendo en consideración el efecto de la orden en cuanto a la disposición más o menos final del derecho envuelto y a si puede o no considerarse, cuando se dicta después de sentencia, como una providencia especial, y así la regla general debe ser que una orden concediendo la intervención antes o después de sentencia no es apelable, y negándola, antes o después, es apelable por parte del interventor, por supuesto.

Aplicada esa regla a este caso concreto nos lleva a declarar con lugar la moción del interventor y en su consecuencia a desestimar el recurso interpuesto por el demandante en el pleito contra la orden permitiendo la intervención por no ser dicha orden apelable aunque se hubiere dictado después de sentencia.

*Debe desestimarse el recurso.*

El Juez Asociado Sr. Travieso no intervino.