Municipio de Gurabo y José Casellas Santana en su carácter de Alcalde de Gurabo, peticionarios, *v.* Corte de Distrito de Humacao, Hon. Benjamín Ortiz, Juez, demandada.

Núm. 1278.—*Sometido:* Marzo 9, 1942. *Resuelto:* Marzo 25, 1942.

172

*M. Velázquez Flores,* abogado de los peticionarios; el Juez demandado compareció por escrito.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

Ramón Mercado radicó ante la Corte de Distrito de Humacao una demanda de *injunction* para recobrar la posesión de cierto solar. Alegó que dentro del año precedente a la presentación de la demanda él estaba en la posesión real del solar y que el Municipio de Gurabo, el demandado, por medio de sus empleados, penetró en la finca, destruyó la cerca y abrió a través del solar una calle para el tránsito público. Pidió se dictara sentencia ordenando que el demandante fuera restablecido en la posesión del solar y "requiriendo al demandado para que en lo sucesivo se abstenga

de cometer acto alguno que manifieste el propósito de perturbar al demandante en la posesión y goce y disfrute del solar descrito en esta demanda, bajo el apercibimiento de desacato''.

Contestada la demanda por el Municipio de Gurabo, y celebrada la vista del caso, la Corte de Distrito de Humacao dictó sentencia a favor del demandante, en los términos siguientes:

### ''Sentencia

''Por los fundamentos consignados en la opinión emitida en el caso de autos, esta corte dicta sentencia declarando con lugar la demanda y ordenando que el demandante sea restablecido en la posesión de la siguiente finca:

'' 'Urbana: Solar que radica en la calle de las Flores, del pueblo de Gurabo y mide ocho metros de frente, por treinta y un metros de fondo, equivalentes a doscientos cuarenta y ocho metros cuadrados, y colinda por el Norte con Ramón Mercado; por el Sur con Alejandro Cruz; por el Este con la quebrada Diente de Caballo y por el Oeste, con la calle de las Flores.'

''Se ordena además, al demandado, que le entregue la posesión de la referida finca al demandante y que en lo sucesivo se abstenga de cometer acto alguno que manifieste el propósito de perturbar al demandante en la posesión del solar descrito en esta sentencia, todo ello bajo apercibimiento de desacato. El demandado queda condenado además, al pago de las costas, debiendo además pagar el demandado al demandante la suma de $50 en concepto de honorarios de abogado. Notifíquese.

''Humacao, P. R., 12 de septiembre de 1941.

''Benjamín Ortiz.
''*Juez de Distrito.*''

El 16 de septiembre de 1941 el municipio demandado apeló para ante esta Corte Suprema, quedando notificado y radicado el escrito de apelación en la misma fecha.

En diciembre 12 de 1941 el demandante Mercado radicó ante la corte inferior una moción en la que alegaba, que a pesar de los términos de la sentencia, en el solar objeto del litigio se está construyendo una casa por doña Manuela Gó-

mez, con la autorización del municipio demandado; y que los actos del municipio y de la señora Gómez constituyen una violación de la sentencia y un desacato al tribunal. Expedida una orden para mostrar causa por la cual no debiera condenárseles por desacato, comparecieron y fueron oídos el municipio y el alcalde Sr. José Casellas: En enero 26 de 1942, la corte inferior dictó sentencia declarándoles culpables de desacato, condenando al primero a una multa de $10 y al segundo a otra de $5.

Solicitada la reconsideración de la sentencia, la corte sentenciadora la denegó mediante la siguiente resolución:

### "RESOLUCIÓN

"Vista la moción de reconsideración en cuanto al incidente de desacato; visto el caso de *Muñoz* v. *Montañez*, 37 D.P.R. 318; en vista de que la apelación de un injunction prohibitorio no suspende los efectos del injunction prohibitorio concedido, porque de lo contrario la sentencia dictada por esta corte se convertiría en académica e inefectiva, ya que de realizarse los actos que se prohiben en el injunction y que se alegan en la moción de dasacato (esto es, la construcción de una casa en el solar objeto de este pleito), la confirmación de la sentencia por el Tribunal Supremo sería académica ya que la casa estaría ya construída; en vista de la jurisprudencia definitiva sentada por la Corte Suprema de los Estados Unidos y por casi todos los Estados de la Unión, en el sentido de que un injunction prohibitorio no queda suspendido por una apelación (93 A.L.R., 710; *Byington* v. *Superior Court*, 14 Cal. 2d. 68); en vista de que las reglas relativas a injunction son independientes de las disposiciones del Código Enjuiciamiento Civil en cuanto a suspensión de sentencias apeladas, y en vista de la jurisprudencia y de la lógica jurídica aplicable al caso, esta corte se ve obligada a expresar su criterio respetuosamente, de que el caso de *Muñoz* v. *Montañez*, supra, debe ser revocado por nuestro Tribunal Supremo, y la Corte declara sin lugar la moción de reconsideración de sentencia. Notifíquese.

"Humacao, P. R., 20 de febrero de 1942.

"BENJAMÍN ORTIZ,
*"Juez de Distrito."*

En solicitud de certiorari radicada ante esta Corte Suprema, el municipio y el alcalde alegan que los hechos ex-

puestos en la moción de desacato no son suficientes para justificar la sentencia y que la corte sentenciadora carecía de jurisdicción para castigarles por desacato porque la apelación interpuesta contra la sentencia de injunction produjo el efecto de suspender todo procedimiento en la corte inferior, a tenor de lo dispuesto en los artículos 297 y 298 del Código de Enjuiciamiento Civil, ed. 1933.

La demanda interpuesta por Ramón Mercado tenía por objeto recobrar la posesión de un inmueble, de la cual el demandante había sido despojado. El poseedor del inmueble, al presentarse la demanda y durante todos los procedimientos subsiguientes, era y es el municipio demandado.

La sección 6 de la ''Ley proveyendo procedimientos para recobrar la posesión de propiedad inmueble'', aprobada en marzo 13, 1913 (Art. 695 C. de E. C., 1933), dispone:

''El predicho 'injunction' ordenará que el demandante sea restablecido en la posesión y requerirá al perturbador para que en lo sucesivo se abstenga de cometer tales actos u otros que manifiesten el mismo propósito, bajo apercibimiento de desacato a la corte por desobediencia al predicho 'injunction'.''

De acuerdo con la sección 1 de la misma ley (art. 690 C. de E. C., 1933), el injunction puede concederse en dos casos específicos: (a) para retener la posesión, cuando la parte interesada demuestre ''que ha sido perturbada en la posesión o tenencia de dicha propiedad, por actos que manifiesten la intención de inquietarle o despojarle''; y (b) para recobrarla cuando la parte interesada ha sido ya despojada de la posesión o tenencia del inmueble, siempre que el despojo haya ocurrido dentro del año precedente a la presentación de la demanda. El caso de autos cae dentro de la modalidad (b), supra.

La sentencia de la corte inferior contiene los siguientes pronunciamientos:

1. Que el demandante sea restablecido en la posesión del solar.

2. Que el demandado entregue la posesión de la finca al demandante.

3. Que el demandado se abstenga *en lo sucesivo* de cometer acto alguno que manifieste el propósito *de perturbar al demandante en la posesión del solar.*

4. Todo ello bajo apercibimiento de desacato.

La ley que autoriza el procedimiento especial para retener o recobrar la posesión no contiene disposición alguna concediendo a la parte agraviada por la sentencia el derecho de apelación para ante la Corte Suprema. Ese derecho existe por virtud del artículo 295 del Código de Enjuiciamiento Civil, que dispone que podrá establecerse apelación para ante el Tribunal Supremo contra "una sentencia definitiva pronunciada en un pleito o *procedimiento especial,* comenzado en la corte que la hubiere dictado". En el caso de *Muñoz* v. *Montañez,* 37 D.P.R. 318 se resolvió que el derecho de apelación existe en esta clase de procedimiento y debe regularse por los preceptos del Código de Enjuiciamiento Civil; y que la interposición de un recurso de apelación "suspende todo procedimiento en la corte inferior con ciertas excepciones que no comprenden este caso. . .".

Nos pide el juez recurrido que revoquemos la decisión de esta corte en *Muñoz* v. *Montañez,* supra (*a*) porque la apelación de un injunction *prohibitorio* no suspende los efectos de la sentencia, doctrina sostenida por la Corte Suprema Federal y por la jurisprudencia de casi todos los Estados de la Unión; (*b*) porque las reglas relativas a injunction son independientes de las disposiciones del Código de Enjuiciamiento Civil en cuanto a la suspensión de sentencias apeladas; y (*c*) porque así lo requiere no solamente la jurisprudencia, si que también la lógica jurídica aplicable. Para determinar si dicho caso debe ser revocado o si puede distinguirse de los citados en apoyo de la doctrina invocada, precisa que hagamos un estudio crítico del mismo.

Se trataba en dicho caso de una solicitud de injunction *para retener* la posesión. Los demandantes pidieron "que

se expidiera un auto requiriendo al demandado para que se abstuviera de cometer los actos que venía realizando u otros análogos y dejara a los demandantes en la posesión tranquila de la parcela, apercibido de desacato''. En una moción radicada por los demandantes, se alegó que no obstante el requerimiento que le fué hecho ''el demandado no ha quitado la cerca que puso en los terrenos referidos ni ha dejado de trabajar en cultivos de los mismos por medio de sus empleados. . .''. Se alegó además, que aún cuando la sentencia había sido apelada, se trataba de un caso en que la orden debía ser cumplida, no obstante la apelación, y que al negarse a cumplirla el demandado había incurrido en un desacato. Negóse la corte inferior a castigar al demandado, sosteniendo que la sentencia no podía ser ejecutada por haber sido apelada. En el recurso por ellos interpuesto sostenían los apelantes que se trataba de un caso especial ''que exige la inmediata ejecución de la sentencia''. Al confirmar la sentencia recurrida esta Corte Suprema se expresó así:

''Nada dispone dicha ley con respecto a que la sentencia que se dicte deba ejecutarse inmediatamente. Tampoco habla de medidas especiales. Lo único que fija es un procedimiento rápido. Nada dice tampoco con respecto al derecho de apelar, pero aplicando las disposiciones generales del Código de Enjuiciamiento Civil a las que expresamente se refiere en cuanto a la forma en que debe radactarse la demanda, es necesario reconocer que el derecho existe y que se regula por los preceptos de dicho Código.

''Siendo ello así el caso debe regirse por la ley general sobre ejecución de sentencia y apelaciones.

''  *          *          *          *          *          *          *

''Además, que la apelación interpuesta suspende todo procedimiento en la corte inferior con ciertas excepciones que no comprenden este caso, está terminantemente dispuesto por la propia ley, así:

'' 'Art. 296.—Una apelación se interpone entregando al secretario de la corte en que fué dictada o registrada la sentencia o providencia apelada, un escrito manifestando que se apela de ella, o de determinada parte de la misma, y presentando idéntica manifestación a la parte contraria o a su abogado.

" 'Art. 297.—Formalizada una apelación producirá el efecto de suspender todo procedimiento en la corte inferior, respecto a la sen-. tencia u orden apelada, o a las cuestiones comprendidas en ella, pero la corte inferior podrá proseguir el pleito en lo que respecta a cual-quier extremo del mismo no comprendido en la apelación.

" 'Art. 298.—La formalización de un recurso de apelación, sus-pende los procedimientos en la corte inferior en cuanto a la sentencia u orden apelada, salvo cuando dispusiere la venta de cosas susceptibles de pérdida o deterioro, en cuyo caso la corte inferior podrá ordenar que se vendan dichas cosas, depositándose su importe hasta que dicte su sentencia la corte de apelación. Y salvo también, cuando la sentencia declare al demandado culpable de usurpación, intromisión o ilegal desempeño de un cargo público, civil o militar en esta isla. Y salvo asimismo, cuando la orden conceda a rehuse conceder, un cambio de lugar para la celebración del juicio.' "

Si se tiene en cuenta la situación que se trataba de corregir en dicho caso por medio de un auto de injunction, se verá que la decisión de este Tribunal es sostenible también de acuerdo con la jurisprudencia citada por el juez recurrido. Se trataba evidentemente, en *Muñoz* v. *Montañez,* de un pleito entre colindantes, en el que los demandantes interesaban que se obligase al demandado a derribar una cerca por él construída en los terrenos en disputa. La orden de injunction, por la cual se obligaba al demandado a derribar la cerca por él construída, era de carácter mandatorio, y al ser apelada sus efectos quedaron en suspenso.

Con anterioridad a la aprobación de la Ley de marzo 13, 1913 (núm. 43, pág. 85), que establece el procedimiento de injunction para recobrar la posesión de un inmueble, una persona que hubiere sido desposeída de su propiedad no podía recurrir al procedimiento clásico de injunction para que se le restableciera en la posesión o tenencia del inmueble. Hasta 1913 se consideró que las acciones legales ordinarias eran adecuadas y suficientes para la protección del desposeído. La ley aprobada ese año creó el remedio especial de injunction para recobrar la posesión, para el cual no existen precedentes dentro de las prácticas de Equidad, haciéndolo extensivo solamente a aquellos casos en que el demandante alega y prueba

que fué despojado de la posesión dentro del año precedente a la presentación de la demanda. De acuerdo, pues, con el estado actual de nuestro derecho, aquél que hubiere sido despojado de la posesión de un inmueble tiene dos remedios legales adecuados para recobrarla, uno el remedio especial de injunction que le concede la ley de marzo 13 de 1913 y el otro, la acción ordinaria para recobrar la posesión. No se ha llamado nuestra atención hacia jurisprudencia alguna que sostenga que el que ha perdido la posesión de un inmueble pueda recurrir a la Equidad para recobrarla. En el caso de autos, el demandante ha recurrido al remedio especial que le concede la citada ley de marzo 13 de 1913.

La jurisprudencia citada por el juez recurrido y que ha sido acopiada en la monografía que aparece publicada en 93 A.L.R. 709 a 723, sostiene las siguientes reglas:

1. Cuando la sentencia u orden de injunction es por su naturaleza estrictamente *prohibitoria,* la interposición de una apelación no suspende los efectos de la sentencia u orden apelada. Una sentencia prohibitoria es autoejecutable y no requiere que se expida mandamiento alguno para su ejecución. El único efecto de la apelación en tales casos es mantener el *status quo.*

2. Cuando la sentencia u orden de injunction recurrida es enteramente *mandatoria,* la apelación suspende sus efectos. El objeto de tal suspensión es el mantenimiento del *status quo,* pues si se ejecutase la sentencia u orden recurrida, la adjudicación final en favor del apelante podría resultar una victoria estéril.

3. Cuando la sentencia u orden de injunction contiene disposiciones prohibitorias y otras mandatorias, la apelación no suspende el efecto de las primeras, pero sí el de las segundas.

4. Cuando el propósito fundamental es mandatorio y el aspecto prohibitorio del injunction está subordinado y es incidental al aspecto mandatorio, en ese caso la apelación suspende los efectos del injunction en su totalidad.

Asumiendo, sin resolverlo, que las anteriores reglas sean aplicables a un caso de injunction para recobrar la posesión, incoado de acuerdo con el estatuto que establece ese procedimiento especial, la regla aplicable al caso de autos sería, a nuestro juicio, la número 4.

Si tenemos en mente que el municipio demandado es el que se encuentra actual y físicamente en posesión del inmueble y que es el demandante el que pide que se le restablezca en la posesión, se comprenderá fácilmente que una sentencia a favor del demandante tenía que ser esencialmente mandatoria e incidentalmente prohibitoria. Por eso los dos primeros pronunciamientos de la dictada por el juez recurrido, (1) "que el demandante sea restablecido en la posesión del solar", y (2) "que el demandado entregue la posesión de la finca al demandante", son estrictamente afirmativos y mandatorios y, de ser ejecutados, alterarían por completo el statu quo. El tercer pronunciamiento, "y que en lo sucesivo se abstenga de cometer acto alguno que manifieste el propósito de perturbar al demandante en la posesión del solar", se ajusta a lo dispuesto en la sección 6 de la ley (Art. 695 C.E.C.) y es de carácter prohibitorio. Empero, está tan íntimamente ligado y subordinado a la ejecución de los dos pronunciamientos mandatorios, que en realidad solamente podría tener efecto cuando aquéllos hubiesen sido cumplidos y el demandante puesto en posesión del solar. Es después de cumplido ese requisito que el demandado deberá abstenerse "en lo sucesivo" de perturbar al demandante en su posesión. ¿Cómo puede decirse que el Municipio, que está y continuará en posesión por virtud de la apelación, debe abstenerse de ejecutar actos que puedan perturbar al demandante en una posesión que no tiene y que no podrá tener hasta que sea resuelto el recurso interpuesto por el demandado en posesión?

El requerimiento al demandado, para que después que el demandante haya sido restablecido en la posesión, se abstenga, bajo pena de desacato, de molestar nuevamente al demandante en el uso y disfrute del inmueble, se hace con el

objeto de poner fin a la disputa entre las partes con respecto a la posesión del inmueble y evitar la repetición de los actos que dieron lugar al litigio. Parece natural y lógico que ese requerimiento no puede surtir efecto hasta que se haya alterado el estatu quo, quitando la posesión al demandado y dándosela al demandante.

Mientras el demandado continúe ocupando la finca y la orden de injunction permanezca en suspenso por virtud de la apelación pendiente, esa posesión le da derecho al demandado a continuar gozando de la finca con todos los derechos y responsabilidades inherentes a dicha posesión. Si el demandado realizara algún acto que pudiera menoscabar el valor del inmueble, la persona que se crea con derecho a la posesión de la propiedad podría acudir a los tribunales y solicitar una orden de injunction para impedir la comisión de tal acto. Pero deberá hacerlo mediante demanda de injunction, en una acción ordinaria, y no dentro del procedimiento especial de la ley de marzo 13 de 1913.

Por las razones expuestas, debemos resolver que habiéndose apelado la sentencia dictada por la corte inferior, los efectos de dicha sentencia quedaron en suspenso, y que la corte inferior carecía de jurisdicción para condenar a los peticionarios por desacato.

*La sentencia recurrida debe ser anulada.*