ALFONSO VÁZQUEZ, peticionario, *v.* CORTE DE DISTRITO DE PONCE, HON. FELIPE COLÓN DÍAZ, JUEZ, demandada.

Núm. 1609.—*Sometido:* Diciembre 17, 1945. *Resuelto:* Enero 31, 1946.

*Luis A. Limeres,* abogado del peticionario; *Carlos E. Colón,* abogado del interventor, demandante en el pleito principal.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

Alfonso Vázquez presentó ante esta Corte una solicitud de *certiorari* para revisar cierta orden o resolución dictada por la Corte de Distrito de Ponce en el caso de *Luis J. Nicole* v. *Ramón Montalvo et al.,* sobre daños y perjuicios, en el cual el recurrente fué admitido como interventor.

De los autos que tenemos a la vista aparecen los hechos que narramos a continuación: ante la Corte de Distrito de Ponce se radicó la demanda en reclamación de daños y perjuicios de Luis J. Nicole contra Ramón Montalvo y Aníbal Comolly. Para asegurar la efectividad de la sentencia que pudiera recaer en dicho caso se expidió una orden de embargo contra los bienes de los demandados, en virtud de la cual el márshal de la Corte de Distrito de Mayagüez embargó en el Barrio "Retiro" de San Germán, un *truck* marca "Dodge" licencia HP1287, propiedad del demandado Ramón Montalvo, el cual fué trasladado a la ciudad de Ponce y dejado en manos de Manuel Freytes, en su carácter de depositario del mismo. Fué entonces que el peticionario, Alfonso Vázquez, radicó, previo permiso concedídole por la corte inferior, una solicitud alegando que el truck embargado a Ramón Montalvo estaba gravado con una hipoteca a su favor por la suma de $2,000 inscrita en el Registro de la Propiedad de San Germán y que, por lo tanto, el embargo trabado era nulo y sin valor alguno por no haberse consignado previamente por el demandante Luis J. Nicole en la secretaría de la Corte de Distrito de Ponce el importe de la hipoteca,

sus intereses y el crédito para costas, gastos y honorarios de abogado; y además, porque estando inscrita la hipoteca, el truck no podía ser removido del sitio en que se encontraba sin el consentimiento por escrito del acreedor hipotecario. El demandante Luis J. Nicole radicó su contestación a la referida moción alegando, entre otras defensas, que el mencionado contrato de hipoteca sobre bienes muebles era nulo por ser el mismo simulado y no haber mediado consideración. Vista la moción, la corte inferior, con fecha 10 de agosto de 1945, resolvió que de acuerdo con la sección 10 de la Ley núm. 19 de 3 de junio de 1927 (pág. 491) y la sección 9 de la misma ley, según fuera enmendada por la (Ley núm. 71) de 5 de mayo de 1930 (pág. 449), y la decisión de este Tribunal Supremo en *Araújo* v. *Arena,* 60 D.P.R. 284, el embargo trabado sobre el truck era nulo; disponiendo, en su consecuencia, que el mismo fuera entregado por el depositario Manuel Freytes al interventor Alfonso Vázquez para que fuera restituído al sitio donde se encontraba en San Germán al ser embargado; y disponiendo, además, que si el demandante Luis J. Nicole consignaba en la secretaría de la corte la suma de $2,000 o sea el importe de la hipoteca, y los intereses que se adeudaren, dentro de las 48 horas después de ser notificado de esta resolución, entonces quedaría el embargo trabado con toda fuerza y valor legal y sujeto a las consecuencias del litigio principal. Con vista de la anterior resolución, el márshal de la corte inferior, con fecha 17 de agosto de 1945, previo mandamiento expedido al efecto por el secretario, y sin que mediara la orden de rigor de la corte, ocupó y entregó el truck en cuestión al interventor Alfonso Vázquez. No conforme con la resolución, el demandante Nicole apeló para ante este Tribunal con fecha 17 de agosto de 1945; y tres días más tarde radicó ante la corte inferior una moción solicitando se ordenara al márshal que se incautara de y entregara en *custodia legis* el referido truck al depositario Manuel Freytes, alegando que la resolución

anulando el embargo no tenía el carácter de firme por ser la misma apelable para ante el Tribunal Supremo dentro del término de treinta días, a partir desde la fecha de su notificación, estando impedido por ley el interventor de ejecutarla, siendo, por tanto, nula la actuación del secretario al expedir la orden de ejecución sin la previa autorización de la corte y nula asimismo la del márshal al ejecutarla. Celebrada la vista de esta última moción, la corte inferior, con fecha 28 de agosto de 1945, resolviendo la cuestión planteada, invocando los artículos 297 y 298 del Código de Enjuiciamiento Civil y la doctrina sentada por este Tribunal en los casos de *Garzot* v. *Garzot,* 49 D.P.R. 350; *National City Bank* v. *Arjona, Juez,* 49 D.P.R 355; *Ríos* v. *Chabriel,* 54 D.P.R. 628; *Municipio* v. *Corte de Humacao,* 60 D.P.R. 171; y *Rivera* v. *Martínez,* 27 D.P.R. 475 declaró que el escrito de apelación interpuesto por la parte demandante suspendía todos los procedimientos posteriores en el caso y que el mandamiento expedido por el secretario al márshal de la corte, para la entrega del truck al interventor no tenían valor ni efecto legal alguno. En su consecuencia, ordenó que el truck ocupado por dicho interventor volviese al poder del depositario legal Sr. Manuel Freytes, en *custodia legis,* hasta tanto se resuelva la apelación interpuesta por el demandante y apelante.

Alega el peticionario, como motivo de su recurso: (1) Que la última resolución o sea la dictada el 28 de agosto de 1945 es contraria a las acciones 9 y 10 de la Ley núm. 19 de 3 de junio de 1927, según fué enmendada por la del 5 de mayo de 1930, y la jurisprudencia sentada por este Tribunal Supremo en los casos de *United Porto. Rican Bank* v. *Ruiz,* 43 D.P.R. 528; *United Porto Rican Bank* v. *González,* 46 D.P.R. 781, y *Araújo* v. *Arenas,* 60 D.P.R. 284, 299; y (2) que la resolución de 10 de agosto de 1945 no es de carácter definitivo ni apelable, a tenor de la doctrina sentada por este

Tribunal Supremo en los casos de *Espada* v. *Sepúlveda,* 20 D.P.R. 138 y *Rivera* v. *Rivera,* 56 D.P.R. 205.

█ Que la resolución de 10 de agosto de 1945 declarando nulo el embargo del automóvil hipotecado, es apelable, es una cuestión sobre la cual no cabe dudar. El artículo 295, inciso 3 del Código de Enjuiciamiento Civil, dispone expresamente que podrá apelarse para ante esta Corte Suprema de una providencia dictada por una corte de distrito "anulando o negándose a anular un embargo".

██ La cuestión a resolver es si la apelación interpuesta por el demandante Nicole, suspendió los efectos de la orden apelada. En opinión emitida por este Tribunal en *National City Bank* v. *Corte,* 47 D.P.R. 128, se resolvió que la apelación de una providencia anulando o negándose a anular un embargo suspende sus efectos. Considerando que la cuestión es de suma trascendencia, creemos conveniente examinar los fundamentos que se adujeron para sostener el criterio que entonces prevaleció.

La Ley para Asegurar la Efectividad de Sentencias del año 1902 (Comp. 1911, secs. 5233–5250), en su artículo 14, prescribe:

"Todas las pretensiones que se dedujeren por cualquiera de las partes en el curso del juicio con relación al aseguramiento de sentencia, se sustanciarán en pieza separada, dándose traslado a la parte contraria, con citación para una comparecencia ante cualquiera de los jueces, en la cual se propondrán y practicarán las pruebas que cada una de las partes propusiere y fueren pertinentes, resolviéndose acto seguido por el Tribunal la cuestión propuesta, sin que en ningún caso tales cuestiones sean obstáculos para la continuación del pleito principal. Entre la citación y la comparecencia de estos juicios verbales no mediará un término mayor de cinco días, y no se suspenderá la celebración de los mismos por ningún motivo. *Toda resolución del tribunal será ejecutoria desde luego,* pudiendo consignarse por la parte perjudicada la oportuna protesta, a los efectos del recurso que la Ley de Procedimientos le conceda contra la sentencia definitiva." (Bastardillas nuestras.)

Al examinar detenidamente toda la sección, vemos el propósito del legislador de que las cuestiones relacionadas con los embargos se resuelvan rápidamente. Establece que entre la citación y comparecencia en estos juicios no debe mediar un término mayor de cinco días, prohibe expresamente la suspensión de los mismos por motivo alguno y termina con la disposición al efecto de que la resolución dictada surtirá efecto inmediatamente, reservando a la parte perjudicada el derecho de consignar su protesta a los efectos del remedio que la Ley le concedía de revisarla dentro de la apelación contra la sentencia definitiva.

Ya hemos hecho referencia al remedio que concedió el Código de Enjuiciamiento en su art. 295 al prescribir específicamente que son apelables las órdenes dictadas en estos procedimientos. Pero el Código de Enjuiciamiento Civil dispone en su art. 297 que formalizada una apelación producirá el efecto de suspender todo procedimiento en la corte inferior respecto a la sentencia u orden apelada. ¿Es aplicable esa disposición a una orden dictada anulando o negándose a anular un embargo a pesar de la disposición expresa de la ley especial para asegurar la efectividad de sentencias al efecto de que las providencias dictadas en esos juicios serán efectivas desde luego? Al resolver la cuestión planteada no podemos perder de vista que el Código de Enjuiciamiento Civil es una ley de carácter general y que la Ley para Asegurar la Efectividad de Sentencias es de carácter especial. Por consiguiente, aplicando el principio de hermenéutica legal al efecto de que cuando existe conflicto entre una ley general y una especial, el precepto de esta última debe prevalecer, tendremos que concluir que si bien una resolución anulando o negándose a anular un embargo es apelable por disposición expresa del art. 295 del Código de Enjuiciamiento Civil, la apelación no suspende los efectos de la resolución apelada, a virtud de lo dispuesto en el art. 14 de la Ley para Asegurar la Efectividad de Sentencias.

*Por los fundamentos expuestos, se revoca el caso de The National City Bank v. Corte, supra, y procede anular la resolución del juez inferior de fecha 28 de agosto de 1945 en tanto en cuanto ordenó la suspensión de la resolución de 10 de agosto de 1945 anulando el embargo, debiendo devolverse los autos a la corte inferior para ulteriores procedimientos consistentes con esta opinión.*

El Juez Asociado Sr. Córdova no intervino.