Hermógenes Ríos, representado por su madre con patria potestad María Ríos, demandante y apelante, *v.* Teresa Chabriel, demandada y apelada.

Núm. 7897.—*Sometido:* Marzo 14, 1939. *Resuelto:* Abril 19, 1939.

*L. Mercader,* abogado del apelante; *A. Reyes Delgado* y *Pedro Santos Borges,* abogados de la apelada.

El Juez Asociado Señor Travieso emitió la opinión del tribunal.

Alegando ser dueño de una finca de ocho cuerdas y de una casa de dos plantas en ella ubicada, por haberla adquirido en subasta pública celebrada en el pleito núm. 99 de la Corte de Distrito de Arecibo, el demandante radicó demanda de desahucio contra la demandada. Contestó ésta negando todos los hechos de la demanda y alegó como defensas especiales: que el demandante no tiene derecho o título alguno sobre la finca en cuestión; que el título que el demandante dice tener carece de validez por haber sido apelada para ante el Tribunal Supremo la sentencia por virtud de la cual se efectuó la subasta; y que la casa existente en la finca es de su exclusiva propiedad por haberla ella construído con sus propios recursos, y es, además, su hogar seguro, donde reside

desde 1932 y tiene un valor de quinientos dólares. Declarada sin lugar la demanda, el demandante interpuso el presente recurso.

La transcripción de evidencia establece como hechos y antecedentes del caso los siguientes:

Por escritura de 7 de febrero de 1931, autorizada por la corte de distrito, Antonio González tomó a préstamo a los cuatro menores hijos de María Ríos la suma de $600 y en garantía de su devolución constituyó hipoteca sobre una finca de 8 cuerdas. González falleció intestado en octubre de 1931, dejando como únicos herederos siete hijos naturales reconocidos y menores de edad y su madre legítima.

Vencida la hipoteca en 7 de febrero de 1933, los menores Ríos, representados por su madre María Ríos, incoaron el 20 de febrero de 1937 ante la Corte de Distrito de Arecibo el caso civil núm. 99, en el que pedían se condenara a la Sucesión de Antonio González al pago de $600, intereses, costas y honorarios. En oposición a dicha demanda alegó la Sucesión demandada que en 30 de noviembre de 1936 los demandantes Francisco y Valeriano Ríos, mayores de edad, y María Ríos en representación de sus menores hijos Hermógenes y María Elena Ríos, celebraron un convenio por escrito y bajo *affidavit* con Ana Teresa Chabriel, madre natural de los hijos menores de Antonio González, por los términos de cuyo convenio la Sucesión González dió a la Sucesión Ríos en pago de la hipoteca constituída por González sobre la finca de 8 cuerdas, otra finca de 11 cuerdas perteneciente también a la Sucesión González, estipulándose que María Ríos entraría en la inmediata posesión de la finca adjudicádale en pago de la deuda; que las partes contratantes se comprometieron a gestionar ante la corte de distrito las autorizaciones necesarias para que cada parte pudiese obtener un título inscribible en el registro; y que de acuerdo con dicho convenio los demandantes Ríos entraron y continúan en posesión de la finca de 11 cuerdas. Y por vía de contrademanda solicitaron los componentes de la Sucesión González que se

obligara a la Sucesión Ríos a cumplir lo pactado en el convenio a que ya se ha hecho referencia.

Por la sentencia dictada en dicho caso núm. 99, la Corte de Distrito de Arecibo sostuvo la validez del citado convenio en cuanto a Francisco, Valeriano y María Elena, quienes tenían 20, 19 y 16 años de edad, respectivamente, en la fecha en que aceptaron la dación en pago de la hipoteca, por entender que "aunque los contratos realizados a nombre de menores sin autorización judicial se consideran inexistentes por falta de consentimiento, no sucede lo mismo con aquellos contratos convenidos por los menores cerca de su mayoría de edad, los cuales, si bien son anulables por lesión u otra causa legítima, no son absolutamente nulos"; y porque dichos menores "aceptaron la dación en pago con edad y capacidad para darse cuenta de que cobraban la parte que les correspondía en la hipoteca, con el beneficio respectivo que les proporcionaba la adquisición de la finca." En cuanto al menor Hermógenes Ríos, quien tenía solamente ocho años de edad en la fecha del convenio, la corte estimó que su situación jurídica era distinta por razón de su corta edad; que el acto de la madre, no habiendo sido autorizado previa y judicialmente, era absolutamente nulo; y que dicho menor podía ignorar el convenio y cobrar el crédito hipotecario como si la dación no se hubiese realizado. Y en consonancia con las precedentes conclusiones, la corte desestimó la demanda en cuanto a los demandantes Francisco, Valeriano y María Elena Ríos, sin perjuicio del derecho que puedan tener para establecer una acción distinta, y la declaró con lugar en cuanto al menor Hermógenes Ríos, "condenando a la parte demandada a pagar a dicho demandante por su condominio en el crédito hipotecario objeto de la demanda, la suma de ciento cincuenta dólares de capital, y los intereses, etc." La contrademanda fué declarada sin lugar.

La referida sentencia fué dictada el 20 de mayo de 1937, notificada a ambas partes el día 21 y archivada la notificación el 22 del mismo mes. El 18 de junio de 1937 los deman-

dantes solicitaron la reconsideración de la sentencia, la que fué denegada el 21 del mismo mes y año. El día 23 de junio de 1937 los demandados apelaron para ante la Corte Suprema, y el 29 del mismo mes solicitaron se ordenara al taquígrafo que preparase la transcripción de evidencia. En julio 6, 1937, la corte denegó dicha moción por el fundamento de que el escrito de apelación fué radicado después de haber expirado el término legal para apelar. De los autos ante nos no aparece que los demandados y apelantes hicieran gestión otra alguna para perfeccionar su apelación.

En 18 de noviembre de 1937, el menor Hermógenes Ríos, asistido de su madre, solicitó y obtuvo un mandamiento para la ejecución de la sentencia dictada a su favor. El 20 de enero, 1938, se celebró la subasta de la finca de ocho cuerdas afecta a la hipoteca y de otra finca de 2 cuerdas que había sido embargada, siendo adjudicada la primera al demandante ejecutante por la suma de $100. Y en esa misma fecha el márshal otorgó escritura pública a favor de Hermógenes Ríos, el aquí demandante y apelante, traspasando y adjudicando a dicho menor "cuantos derechos, participaciones, interés, acciones o condominios en tales descritos inmuebles, en la finca 'A' de ocho cuerdas hipotecada por cien dólares, etc." En los edictos publicados con anterioridad a la subasta, el márshal anunció que en la fecha en los mismos indicada vendería en pública subasta, para hacer efectiva la sentencia a favor de Hermógenes Ríos, "cuanto derecho, acción, interés o participación correspondan a los demandados en la finca hipotecada letra 'A'", que es la misma finca envuelta en el presente procedimiento de desahucio.

La sentencia recurrida parece estar en abierta contradicción y ser incongruente con la dictada en el caso anterior núm. 99, pues si Hermógenes Ríos adquirió por virtud de la primera todo el título, derecho e interés de la Sucesión de Antonio González en la finca de 8 cuerdas, el título conferídole por el márshal es y debe ser legalmente suficiente para solicitar el desahucio de los anteriores dueños. El error

de derecho en que aparentemente incurrió la corte es consecuencia de la apreciación errónea que del convenio de dación en pago de la hipoteca hizo el juez sentenciador. Éste creyó, erróneamente, que la finca dada en pago de la hipoteca, por la Sucesión González a los menores Ríos, era la misma finca de ocho cuerdas afecta a la hipoteca y que fué más tarde ejecutada por Hermógenes Ríos, cuando en realidad, según aparece del convenio que consta en autos, la finca dada en pago era una de once cuerdas, enteramente separada y distinta de la hipotecada. Fué ese error el que sin duda alguna indujo a la corte inferior a desestimar la demanda de desahucio, por considerar que "esto crea un conflicto de título con sus mismos hermanos, que no fueron notificados de la ejecución." El supuesto conflicto no existe. Los hermanos del demandante dejaron de tener interés en la finca hipotecada, que era la de 8 cuerdas, desde el momento en que aceptaron la de 11 cuerdas en pago de su crédito contra la Sucesión González.

En apoyo de la sentencia recurrida alega la parte apelada que el título que ostenta el demandante y apelante carece de validez por haber sido otorgado y la subasta celebrada sin que la sentencia fuera firme por haber sido apelada para ante esta Corte Suprema.

La apelación interpuesta por los demandados el 23 de junio de 1937 suspendió los efectos de la sentencia dictada el 20 de mayo del mismo año, la cual no podía ser legalmente ejecutada mientras estuviese pendiente de resolución dicho recurso. Artículo 297 del Código de Enjuiciamiento Civil. Es la Corte Suprema y no la de Distrito la que tiene facultad y jurisdicción para resolver si una apelación ha sido tramitada debidamente y en tiempo. *Rivera* v. *Martínez*, 27 D.P.R. 475.

No apareciendo del récord que la apelación interpuesta por la Sucesión de Antonio González haya sido desestimada por esta Corte Suprema, nos vemos obligados a resolver que el mandamiento para la ejecución de la sentencia apelada,

la subasta celebrada a virtud de dicho mandamiento, la adjudicación de la finca al demandante y el título conferido a éste por el márshal son nulos y por tanto insuficientes para transmitir al demandante el título de dominio o el derecho de posesión necesarios en derecho para poder solicitar el desahucio de la demandada.

*Por las razones expuestas debe confirmarse la sentencia apelada.*