El Pueblo de Puerto Rico, demandante y apelado, *v.* Ángel Matos Rodríguez, c/p Maelo, acusado y apelante.

Número: CR-64-277     Resuelto: 20 de enero de 1965

Ángel Matos Rodríguez, *pro se*, y *F. Gallardo Díaz*, abogado del apelante; *J. B. Fernández Badillo, Procurador General*, y *J. F. Rodríguez Rivera, Procurador General Auxiliar*, abogados de El Pueblo.

Sala integrada por el Juez Presidente Señor Negrón Fernández y los Jueces Asociados Señores Blanco Lugo y Ramírez Bages.

EL JUEZ ASOCIADO SEÑOR BLANCO LUGO emitió la opinión del Tribunal.

En 9 de mayo de 1963, el apelante Ángel Matos Rodríguez fue convicto de una infracción a la Sec. 4 de la Ley Núm. 220 de 15 de mayo de 1948, 34 L.P.R.A. sec. 1250, consistente en que el día 9 de diciembre de 1962, en el sitio conocido por "Los Viejitos" del barrio Hato Tejas, de Bayamón, tenía en su posesión dos libretas conteniendo números de tres cifras impresas, material que se utilizaba en el juego ilícito de bolipul. La prueba de cargo consistió en el único testimonio del agente encubierto Daniel Soler Valle. También fueron admitidas en evidencia las dos libretas mencionadas. Apeló por derecho propio.

En 29 de enero de 1964, ya vigentes las Reglas de Procedimiento Criminal de 1963, y estando aún pendiente de perfeccionarse el recurso de apelación contra la sentencia, Matos compareció representado por el Lic. F. Gallardo Díaz, y presentó una moción que intituló de "nuevo juicio," en solicitud de que "en armonía con la Regla 192 de Procedimiento Criminal . . . suplica que una vez estudiada la nueva prueba y la ley se deje sin efecto la sentencia que dictara . . . por ser dicha sentencia basada en el testimonio falso que al tribunal le diera . . . Daniel Soler." Se refiere a la declaración prestada por el agente encubierto en una vista celebrada el día 20 anterior en una causa criminal contra Mónico Cortés Rodríguez por violación a la Ley de la Bolita, que se alega es contradictoria con el testimonio ofrecido en el proceso contra el apelante.

En 15 de abril el tribunal a quo dictó una resolución declarando sin lugar la moción de nuevo juicio por entender que carecía de jurisdicción ya que la sentencia impugnada era objeto de un recurso de apelación. Se solicitó reconsideración—en el escrito se caracteriza la moción de nuevo juicio como una para que se deje sin efecto la sentencia dictada por estar basada en un testimonio falso—y denegada la misma, se apeló de ambas resoluciones. Consideraremos ambos recursos.

La transcripción de evidencia fue aprobada en 1ro. de junio de 1964. El expediente de apelación se recibió en la secretaría de este Tribunal el 2 de julio.

1.—En el alegato presentado para solicitar la revocación de la sentencia el apelante hace continua referencia a la declaración prestada por el agente Soler en la causa contra Mónico Cortés, puntualizando las contradicciones irreconciliables que, a su juicio, existen entre ésta y la que dio base a la convicción del apelante. Ataca, además, la resolución denegatoria del nuevo juicio y sostiene en efecto que, conforme a la Regla 192, en relación con la 189 de Procedimiento Criminal, la existencia del recurso de apelación contra la sentencia no impedía la consideración de su moción de nuevo juicio. En otras palabras, que ello no privaba de jurisdicción al tribunal de instancia para oir y resolver la moción de nuevo juicio.

A los fines de resolver el recurso de apelación contra la sentencia dictada en 9 de mayo de 1963 tenemos que atenernos únicamente a la prueba que tuvo ante sí el tribunal a quo. No podemos considerar la transcripción de la declaración ofrecida en apoyo de la solicitud de nuevo juicio.(¹) Exami-

---

(¹) En la resolución denegando el nuevo juicio dijo el juez de instancia: "De concederse el nuevo juicio, sin embargo, sería a base de una mera probabilidad respecto a la impugnación en el mismo de la prueba de cargo. El testimonio dado en este caso no puede considerarse ya impugnado por el solo hecho de las contradicciones en sí, sobre todo cuando parece que el testigo no tuvo oportunidad de ofrecer explicaciones. No hay indicios de que fuera enfrentado a ella, y que se le diera la oportunidad de rigor, de armonizar o explicar, de ser eso posible."

nado el testimonio del agente encubierto, ([2]) sin lugar a dudas es suficiente para sostener la convicción. *Pueblo* v. *Seda*, 82 D.P.R. 719 (1961), conf. en 299 F.2d 576 (1962), *cert. den.*

2.—La Regla 188 de las de Procedimiento Criminal enumera los fundamentos por los cuales puede concederse un nuevo juicio. ([3]) En la 192 se adiciona otro fundamento, con

---

([2]) Declaró que alrededor de las cuatro de la tarde del día a que se refiere la acusación vio al acusado, a quien identificó como Maelo, en un bar en la barriada Los Viejitos, y que éste le dijo que "si iba a apuntar el mío," respondiéndole en la afirmativa; que le pidió que le apuntara el número 240 con cincuenta centavos, lo cual hizo Matos en una lista de papel blanco en la cual tenía apuntados otros números de tres cifras, seguidos de guión y otras cantidades a la derecha; que una vez realizada esta transacción, el acusado le invitó a jugar dos libretas de bolipul de diez hojas cada una "que se iban a ir nulas"; que las compró y pagó $4.50 por ellas; que una de las libretas era color de rosa y la otra blanca, y que comenzaban respectivamente con los números 060 y 064. Informó los números que contenían las libretas y aseveró que los recordaba porque "las libretas de bolipul, el bolipul cada número que pasa va sumando tres al último número"; que además de los números, en las hojas de las libretas aparecían las letras "CD" (aparentemente el taquígrafo incurrió en un error pues un examen de las libretas revela que las letras que aparecen son "SD"), que identificó las libretas con sus iniciales y anotó en la primera y última hoja el sitio y la hora en que las había comprado (en efecto las libretas contienen la siguiente anotación: "Evidencia comprada a Maelo en 12-9-62 como las 4:00 P.M. D.S.V." En otra de las anotaciones se refiere a "John Doe Maelo," y en una de ellas a que la compra tuvo lugar "en el Bo. Hato Tejas de Bayamón"); que inicialó todas las hojas de las libretas "después que salí del barrio, al poco momento, en la Cafetería Las Palmas." En el contrainterrogatorio manifestó que solamente se encontraba en el establecimiento la dueña del negocio y otras personas—dos o tres—que jugaban al billar y consumían cerveza y que Matos llegó sin nada en las manos.

([3]) "El tribunal concederá un nuevo juicio por cualquiera de los siguientes fundamentos:

"(a) Que se ha descubierto nueva prueba, la cual, de haber sido presentada en el juicio, probablemente habría cambiado el veredicto o fallo del tribunal, y la que no pudo el acusado con razonable diligencia descubrir y presentar en el juicio. Al solicitar nuevo juicio por este fundamento, el acusado deberá acompañar a su moción la nueva prueba en forma de declaraciones juradas de los testigos que la aducirán.

"(b) Que el veredicto se determinó por suerte o por cualquier otro medio que no fuere expresión verdadera de la opinión del jurado.

"(c) Que el veredicto o fallo es contrario a derecho o a la prueba.

"(d) Que medió cualquiera de las siguientes circunstancias y como consecuencia se perjudicaron los derechos substanciales del acusado:

el siguiente texto: "También podrá el tribunal, a solicitud del acusado conceder un nuevo juicio cuando después de dictada la sentencia sobreviniere el conocimiento de nuevos hechos o de nuevos elementos de prueba que evidencien la inocencia del acusado." (4)

Como regla general la moción de nuevo juicio debe presentarse antes de que se dicte sentencia, Regla 189, excepto en los siguientes casos: 1. cuando se fundare en la imposibilidad de obtener una transcripción de las notas taquigráficas de los procedimientos debido a la muerte o incapacidad del taquígrafo o a la pérdida o destrucción de sus notas, y de preparar en sustitución de dicha transcripción una exposición del caso en forma narrativa; y, 2. cuando se fundare en lo dispuesto en la Regla 192 transcrita precedentemente. En la primera situación, la moción deberá presentarse dentro

---

"(1) Que el acusado no estuvo presente en cualquier etapa del proceso, salvo lo dispuesto en la Regla 243.

"(2) Que el jurado recibió evidencia fuera de sesión, excepto la que resulte de una inspección ocular.

"(3) Que los miembros del jurado, después de retirarse a deliberar, se separaron sin el consentimiento del tribunal, o que algún jurado incurrió en conducta impropia, la cual impidió una consideración imparcial y justa del caso.

"(4) Que el fiscal incurrió en conducta impropia.

"(5) Que el tribunal erró al resolver cualquier cuestión de derecho surgida en el curso del juicio, o instruyó erróneamente al jurado sobre cualquier aspecto legal del caso o se negó erróneamente a dar al jurado una instrucción solicitada por el acusado.

"(e) Que no fue posible obtener una transcripción de las notas taquigráficas de los procedimientos, debido a la muerte o incapacidad del taquígrafo o a la pérdida o destrucción de sus notas, ni preparar en sustitución de dicha transcripción una exposición del caso en forma narrativa según se dispone en las Reglas 208 y 209.

"(f) El tribunal, además, concederá un nuevo juicio cuando debido a cualquier otra causa de la cual no fuere responsable el acusado, éste no hubiere tenido un juicio justo e imparcial."

(4) Refiriéndose a esta Regla, dicen los comentarios que esta disposición fue tomada del Art. 954(4) de la Ley de Enjuiciamiento Criminal Española y que es un reconocimiento del mismo principio que informa los autos de *coram nobis* y *coram vobis*. *Práctica Forense Puertorriqueña* (Equity Publishing Co., 1964), vol. 2, págs. 200–201.

de los treinta días en que se tuvo conocimiento de la muerte o incapacidad del taquígrafo o de la pérdida o destrucción de sus notas; en el segundo, dentro de los treinta días siguientes a la fecha en que se tuvo conocimiento de los nuevos hechos o de los nuevos elementos de prueba. ([5])

Conforme a la Regla 197 (a) una apelación ante el Tribunal Supremo de una sentencia condenatoria suspende la ejecución de la misma. Nada se dispone específicamente sobre los efectos de la existencia de un recurso de apelación en cuanto a la continuación de los procedimientos en el tribunal de instancia. Hemos de recurrir a la Sec. 14 (a) de la Ley de la Judicatura, 4 L.P.R.A. (Supl. 1963, pág. 267) sec. 37, que establece que serán apelables ante el Tribunal Supremo las sentencias finales dictadas en casos criminales originadas en el Tribunal Superior, e inmediatamente dispone que "Una vez presentado el escrito de apelación se suspenderán todos los procedimientos en el Tribunal Superior, respecto a la sentencia o parte de la misma de la cual se apela, o a las cuestiones comprendidas en ella; pero el Tribunal Superior podrá proseguir *el pleito* en cuanto a cualquier cuestión envuelta en el mismo no comprendida en la apelación." Este texto corresponde al Art. 297 del Código de Enjuiciamiento Civil, 32 L.P.R.A. sec. 1284, que no fue expresamente derogado por la Regla 72 de las Reglas de Procedimiento Civil de 1958. Bajo esta disposición hemos sostenido que una corte inferior tenía jurisdicción para oir una moción de nuevo juicio después de apelada la sentencia, *Martínez* v. *Independence Indemnity Company*, 36 D.P.R. 860 (1927) ; *Aguayo* v. *García*, 11 D.P.R. 274, 286 (1906) ; *Horton* v. *Robert*, 11 D.P.R. 176, 196 (1906) ; *Altuna* v. *Ortiz*, 11 D.P.R. 25, 30 (1906), mas no para considerar una moción para que se deje sin efecto la sentencia, *Molina* v. *Rodríguez*, 63 D.P.R. 477 (1944) aduciéndose que los procedimientos sobre una moción de nuevo juicio no son

---

([5]) Obsérvese que en ambos casos el término para presentar la moción de nuevo juicio es mayor que el de 20 días que se concede para entablar la apelación, Regla 194.

un ataque directo a la sentencia sino independiente y eventual a la misma. ([6])

■ En el caso de una solicitud de nuevo juicio basada en la Regla 192 que requiere su presentación dentro de 30 días de tenerse conocimiento de los nuevos héchos o de los nuevos elementos de prueba, ¿sería aplicable esta misma doctrina? De no serlo, ¿es preciso desistir de la apelación para que el tribunal de instancia pueda considerar *inmediatamente* la solicitud? ([7]) Mas, no es necesario que tratemos de resolver estas cuestiones y que pasemos en forma definitiva sobre la corrección de la resolución denegatoria del nuevo juicio, ya que una previa cuestión jurisdiccional nos lo impide. Como señaláramos, Matos apeló de la resolución denegatoria del nuevo juicio. Contrario a la situación prevaleciente hasta la aprobación de las Reglas de Procedimiento Criminal, ([8]) esta resolución no es apelable por no tratarse de una sentencia final en un caso criminal, Sec. 14 (a) de la Ley de la Judicatura, *supra*, en relación con la Regla 193, y solamente es revisable por *certiorari*, Sec. 14 (a) de la Ley de la Judicatura. ([9])

---

([6]) Los casos citados por el tribunal de instancia—*Rivera* v. *Martínez*, 27 D.P.R. 476 (1919) y *Ríos* v. *Chabriel*, 54 D.P.R. 628 (1939), son claramente inaplicables pues en ellos se trataba de mociones referentes a la ejecución de la sentencia, pero no a mociones de nuevo juicio.

([7]) Tratándose de una moción que participa de la naturaleza de una para que se deje sin efecto la sentencia, tal vez sería aconsejable una disposición similar a la contenida en el último párrafo de la Regla 49.2 de las de Procedimiento Civil de 1958: "Mientras esté pendiente una apelación de una sentencia el tribunal apelado no podrá conceder ningún remedio bajo esta Regla 49.2, a menos que sea con el permiso del tribunal de apelación. . . . [L]a moción de relevo deberá presentarse ante el tribunal apelado dentro del término antes señalado y si éste determina que estaría dispuesto a conceder el remedio, se acudiría entonces ante el tribunal de apelación en solicitud del referido permiso."

([8]) El Art. 347 del Código de Enjuiciamiento Criminal, 34 L.P.R.A. sec. 1074, disponía que el acusado podía apelar de una providencia denegando una petición para la celebración de un nuevo juicio.

([9]) "Cualquier resolución que dicte el Tribunal Superior podrá ser revisada por el Tribunal Supremo mediante *certiorari* a ser librado a su discreción, *y de ningún otro modo*." (Bastardillas nuestras.)

*En vista de ello se confirmará la sentencia dictada por el Tribunal Superior en 9 de mayo de 1963, y se desestimará el recurso de apelación interpuesto contra las resoluciones en el incidente de nuevo juicio, sin perjuicio de que, por haberse presentado en tiempo hábil la moción bajo la Regla 192, y desapareciendo con la confirmación el impedimento jurisdiccional que adujo el tribunal de instancia para inhibirse de su consideración en los méritos, éste señale la audiencia correspondiente para oir a las partes sobre los planteamientos de dicha moción.*