EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* FRANCISCO GARCÍA ROBLES, acusado y apelante.

*Números:* CR-65-436     *Resueltos:* 2 de noviembre de 1966
CR-65-437

Francisco García Robles, *pro se*. *César Andréu Rivas*, abogado del apelante; *J. B. Fernández Badillo, Procurador General,* y *Manuel Tirado, Procurador General Auxiliar,* abogados de El Pueblo.

PER CURIAM: Allá para el año 1961 se concedió al apelante el beneficio de unas sentencias suspendidas después de haber sido convicto de dos infracciones a la Ley de Narcóticos.

En 11 de diciembre de 1964, el Oficial Probatorio Luis F. Pieraldi presentó una moción interesando la revocación de los beneficios de la libertad condicional concedidos al apelante en razón de que éste había violado tres de las condiciones de la libertad condicional conferídale, a saber:

"4. Comparecerá ante el Oficial Probatorio de este Tribunal, durante el día de cada mes que le fuere asignado. Si razones

ajenas a su voluntad le impidieran hacerlo, se comunicará con el Oficial Probatorio inmediatamente por escrito, exponiéndole los motivos que se lo impidieron y comparecerá en persona en la fecha más cercana a ésta que le fuera posible.

5. Permanecerá constantemente y sin interrupción dentro de la jurisdicción territorial que la Sala del Tribunal Superior de Ponce comprenda: Ponce, Santa Isabel, Juana Díaz, Villalba, Peñuelas, Orocovis, Guánica, Yauco, Adjuntas, Coamo, Guayanilla y Jayuya. Siempre que tenga necesidad de trasladarse fuera de este límite, solicitará para ello permiso del Oficial Probatorio.

6. Evadirá la compañía de individuos de mala reputación, no podrá visitar bares, sitios donde se lleven a cabo juegos de azar y centros de dudosa reputación." (Informe Procurador General, págs. 1, 2.)

Durante los días 22 y 23 de diciembre se celebró la vista correspondiente. Tanto el Fiscal como el probando presentaron prueba testifical y documental.

En 24 de diciembre del mismo año el Tribunal a quo dictó una resolución enmendada el día 29 del mismo mes y año, revocando las órdenes sobre sentencias suspendidas y ordenando que el acusado fuera sometido al cumplimiento de las sentencias. Contra dicha resolución el apelante radicó el siguiente:

*"Escrito de Apelación*

"Al Hon. Fiscal del Distrito
y al Sr. Secretario de esta
Sala de Ponce—

El acusado les informa que no estando conforme con la RESOLUCIÓN de 24 de diciembre de 1964, según enmendada el 29 de diciembre de 1964, dictada por el Hon. Quintín Morales Ramírez, Juez Superior, revocando a solicitud del Oficial Probatorio, E. [*sic*] Pieraldi, la probatoria de que venía disfrutando el acusado desde que fué sentenciado en 17 de agosto de 1961 por el Hon. Antonio J. Matta en las causas criminales de epígrafe, y ordenando su reclusión en el Presidio para que allí extinga las penas de cinco a diez años y de cinco a diez años de presidio con trabajos forzados, APELA de dicha resolución para ante el Hon.

Tribunal Supremo de Puerto Rico, y respetuosamente solicita del tribunal sentenciador ordene que por la estenotipista de récord que entendió en la vista de dicha solicitud de revocación de probatoria proceda a hacer una transcripción total, fiel y exacta de todo lo ocurrido, testimonio oral y prueba documental, así como de las objeciones, excepciones, providencias, etcétera, con miras a elevar dicha transcripción, una vez aprobada finalmente, al Tribunal Supremo.

Ponce, Puerto Rico, a 20 de diciembre de 1964.

(Fdo.)  C. Andréu Ribas
C. ANDREU RIBAS
Abogado del Acusado
Box 3066, San Juan, P.R.

Notificados hoy 29 de
diciembre de 1964, con
copia de este escrito
(Fdo.)
Fiscal del Distrito.
(Fdo.)
Secretaria Int."
(Pieza II, Autos Originales, pág. 57.)

El apelante señala la comisión de varios errores, la mayoría de ellos atacando la apreciación de la prueba hecha por el Tribunal Superior.

El Procurador General ha solicitado la desestimación del recurso por falta de jurisdicción.

De acuerdo con la Regla 193 de las de Procedimiento Criminal, el recurso de apelación para ante este Tribunal se da contra las sentencias finales dictadas en casos criminales originados en el Tribunal Superior. Dispone expresamente dicha regla que el acusado podrá establecer una apelación para ante el Tribunal Supremo de una sentencia condenatoria final dictada en el Tribunal Superior en un proceso originado en éste, excepto en los casos de convicción por alegación de culpabilidad, en los cuales procederá únicamente un recurso

de *certiorari* a ser librado por el Tribunal Supremo a su discreción.

La resolución apelada en este caso en virtud de la cual se revocaron las órdenes concediendo al acusado el beneficio de unas sentencias suspendidas no es una sentencia contra la cual pueda interponerse recurso de apelación. El término "sentencia" significa el pronunciamiento hecho por el tribunal en cuanto a la pena que se le impone al acusado. Regla 162 de Procedimiento Criminal. Las Reglas conceden el recurso de apelación para ante este Tribunal contra las sentencias definidas en la Regla 162 y no contra resoluciones de otra naturaleza. Véase *Pueblo* v. *Matos Rodríguez*, 91 D.P.R. 635 (1965) y *Pueblo* v. *Oliveras Santana*, Sentencia de 14 de mayo de 1965.

Por otro lado, la ley que establece la sentencia suspendida y faculta al tribunal para revocarla, no concede el derecho de apelación que ha ejercitado el acusado apelante en este caso. Véase 34 L.P.R.A. secs. 1027 y siguientes.

*Por los motivos expuestos se desestimará el recurso por falta de jurisdicción.*